## STATE v. SMITH.

1. **Bastardy:** EVIDENCE: INSTRUCTION. In a prosecution for bastardy, where there was evidence tending to show that the prosecutrix was pregnant prior to the time of the alleged intercourse with defendant, and that defendant was absent at that time, it was error for the court to instruct the jury that the main or only bearing of such evidence was upon the question of the credibility of the prosecutrix and defendant. The jury should have been instructed that, if they believed from the evidence that the prosecutrix was so pregnant, or that the defendant was so absent, their verdict should be for the defendant.

2. ——: ——: ——. In such a case, where the time between the alleged intercourse, as testified to by the prosecutrix, and the birth of the child, was only about seven months, it was error to instruct the jury that evidence tending to show that the child was prematurely born was corroborative of the testimony of the prosecutrix that defendant was the father of the child. The most that should have been said was, that the premature birth was not inconsistent with such testimony.

*Appeal from Carroll District Court.*

FRIDAY, SEPTEMBER 21.

THE defendant was charged with being the father of a bastard child. Trial by jury. Verdict, guilty, and judgment. The defendant appeals.

*Russell & Toliver*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—I. The prosecutrix testified that the defendant had sexual intercourse with her twice; once in June, 1879, and again about one week afterward. She testified that the child was then begotten. It was born on the twenty-third day of January, 1880. The physician present when the child was born gave evidence tending to show that its birth was premature. The prosecutrix did not fix the day in June when the first intercourse took place, but there was evidence tending to show that it must, accord-

ing to a certain fact stated by the prosecutrix, have occurred on the twenty-seventh of that month. The prosecutrix testified that the time defendant had intercourse with her was at night while she was in bed, and the first knowledge she had that defendant was in her bed was after he had entered her person, and thereby caused her great pain. She testified there was no person in bed with her, but there was evidence tending to show that another girl slept with her that night. If the occurrence took place, as stated by the prosecutrix, the girl in bed with her—if such was the fact—had no knowledge of the occurrence. The second time intercourse was had, the prosecutrix testified that the defendant's sister, Clara Smith, who was fifteen years old, was in bed with her. On this second occasion the prosecutrix testified that she did not know the defendant was in her bed until he had entered her person.

The defendant was a witness in his own behalf, and testified that he never at any time had sexual intercourse with the prosecutrix, who was between fifteen and sixteen years of age. The defendant was about twenty years old.

The prosecutrix was living at the home of the defendant's father when, she testified, the intercourse took place. There was evidence tending to show that the defendant was not at home or in the house the night the prosecutrix testified that the first intercourse took place. There was evidence tending to show that there were signs or indications that the prosecutrix was pregnant before the alleged intercourse. One or more physicians gave evidence tending to show that the child was not prematurely born.

The court instructed the jury: "It is true, there is much evidence before you tending to prove certain independent facts and circumstances, but while this evidence may bear remotely and indirectly on the principal question to be determined, it is important mainly as it bears on the question of the weight and credit which should be given to the testimony of these two witnesses, that is, the prosecutrix and defendant."

We are constrained to think that this instruction does not

give sufficient prominence to the evidence tending to show pregnancy. It is substantially said that its only or main importance is its tendency to corroborate or bear on the question of the credibility of the prosecutrix and the defendant. We think it has a more important bearing than this. The intercourse may have occurred just as the prosecutrix testfied, and yet the defendant may not have been the father of the child. This is clearly and certainly so; if the prosecutrix was pregnant at the time the defendant first had sexual intercourse with her.

We are impressed that the jury should have been instructed that if they believed the prosecutrix was pregnant, as the evidence tended to show, the defendant was not guilty, although the jury might believe that he had had sexual intercourse with the prosecutrix, as she testified.

We also think that the jury should have been instructed that if they believed the defendant had established that he was not at home, or in the house, the night the alleged intercourse took place, and they believed the child was then begotten, they must find for the defendant, and, further, that his absence, if found to be true, was sufficient to warrant them in disregarding the whole of the evidence of the prosecutrix.

II. As to the premature birth of the child, the court instructed the jury as follows: "Now, while the fact that the child was prematurely born, if proven, standing alone, would have no tendency either to prove or disprove that defendant was the father of the child, it is important in this, that it shows it possible for the child to have been begotten at or about the time the prosecuting witness says that defendant had intercourse with her. And to this extent this fact, if it is proven, tends to corroborate her testimony." That is to say, the fact that the child was prematurely born tends to corroborate the evidence of the prosecutrix that defendant was the father of the child."

We are forced to the conclusion that the proposition just stated is unsound. The most that can be said is, that the

premature birth is not inconsistent with the evidence of the prosecutrix; but a fact which is simply not inconsistent with evidence cannot, it seems to us, be said to corroborate such evidence. To corroborate means to strengthen, confirm, and make more certain. We are unable to see how the premature birth of the child strengthens in the least the evidence of the prosecutrix that the defendant is the father of the child.

REVERSED.